**TESSER & COHEN, P.C.**
946 Main Street
Hackensack, New Jersey 07601
(201) 343-1100
Lee M. Tesser
ltesser@tessercohen.com

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| USM, INC., | : |
| PLAINTIFF, | : |
| VS. | : CIVIL ACTION NO.: |
| BED BATH & BEYOND, INC., | : **COMPLAINT** |
| DEFENDANT. | : |

Plaintiff, USM, Inc., by and through its attorneys, Tesser & Cohen, P.C. hereby files this Complaint against Bed Bath & Beyond, Inc., and alleges as follows:

### PARTIES

1. Plaintiff, USM, Inc. ("USM" or "Plaintiff") was and remains a corporation duly organized and existing pursuant to the laws of the State of Pennsylvania with its principal place of business located at 1700 Markley Street, Suite 200, Norristown, Pennsylvania 19401.

2. Upon information and belief, Defendant, Bed Bath & Beyond, Inc. ("BBB" or "Defendant") was and remains a corporation duly organized and

1

existing pursuant to the laws of the State of New Jersey with its principal place of business located at 650 Liberty Avenue, Union, New Jersey 07083.

## JURISDICTION

3. This Court has jurisdiction pursuant to 228 U.S.C. § 1332 as this action is between parties who are citizens of different states and the matter in controversy exceeds a sum or value of $75,000 exclusive of interest and costs.

4. Venue is proper in this district under 28 U.S.C. § 1391 pursuant to a choice of venue provision in the agreement between the parties and as BBB has offices located in this District and is subject to the personal jurisdiction of this Court.

## FACTS GIVING RISE TO THE DISPUTE

5. USM and BBB entered into a Service Master Agreement (SMA) dated July 7, 2021 wherein USM agreed to perform certain facilities maintenance and construction work and services at various BBB stores across the United States and Canada.

6. The SMA set forth the rates pursuant to which the facilities maintenance services were performed.

7. USM performed the construction work and services after its bids were submitted and accepted by BBB.

8. After the completion of its work, USM submitted invoices to BBB which included reference to the applicable work orders assigned by BBB, store number, and invoice number.

9. Despite the invoices being timely submitted by USM and received by BBB, BBB frequently requested that USM re-submit invoices multiple times.

10. Upon information and belief, upon receipt of the subject invoices BBB uploaded the invoices onto its internal accounting system.

11. With the exception of three invoices which have been submitted but not yet been uploaded, all invoices for work and services performed by USM have been "validated" or "approved" by BBB. Indeed, such determination is contained on BBB's own accounting system evidencing the fact that Plaintiff's work was approved for payment.

12. To date, USM is due $1,952,012.52 for the unpaid work and services performed at the request of BBB.

## FIRST COUNT
### (Breach of Contract)

13. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth at length herein.

14. USM and BBB entered into a SMA wherein USM was to perform certain facilities maintenance work at various BBB stores.

15. USM also performed construction work and services at BBB stores after the submission and acceptance of a bid by BBB.

16. BBB also requested USM to perform additional work and services at its various stores not reflected in the SMA or construction bid.

17.  USM performed all of its work in a good and workmanlike manner and in accordance with the parties' agreement.

18.  Despite its obligations to compensate USM for the services performed and materials supplied, BBB has failed, or otherwise refused to remit payment, and USM has therefore been damaged in the amount of $1,952,012.52.

**WHEREFORE**, Plaintiff, USM, Inc., demands judgment against Defendant, Bed Bath & Beyond, Inc., for compensatory and consequential damages, statutory damages, interest, disbursements and costs of suit, counsel fees and such other relief as this court deems just and appropriate.

## SECOND COUNT
### (Book Account Claim)

19.  USM repeats and realleges each allegation contained in the preceding paragraphs, as if fully set forth at length herein.

20.  There is an amount due from BBB to USM on a certain book account.

21.  Despite USM's repeated demands for payment, BBB has failed and refused to pay the amount due and owing on that book account.

22.  As a result of BBB's failure to pay the amounts due and owing, USM has been damaged.

**WHEREFORE,** Plaintiff, USM, Inc., demands judgment against Defendant, Bed Bath & Beyond, Inc., for compensatory and consequential

damages, statutory damages, interest, disbursements and costs of suit, counsel fees and such other relief as this court deems just and appropriate.

## THIRD COUNT
### (Account Stated)

23. USM repeats and realleges every allegation in the preceding paragraphs, as if fully set forth at length herein.

24. USM routinely rendered to BBB a full, just, and true account of the transactions alleged herein.

25. The statements of account were delivered to BBB.

26. There is now due from BBB to USM outstanding monies.

**WHEREFORE,** Plaintiff, USM, Inc., demands judgment against Defendant, Bed Bath & Beyond, Inc., for compensatory and consequential damages, statutory damages, interest, disbursements and costs of suit, counsel fees and such other relief as this court deems just and appropriate.

## FOURTH COUNT
### (Breach Of The Implied Covenant Of Good Faith And Fair Dealing)

27. USM repeats and realleges every allegation in the preceding paragraphs, as if fully set forth at length herein.

28. USM provided services and materials to BBB in accordance with the parties' agreements.

29. USM requested payment for the aforesaid services and materials from BBB.

30. Despite USM's requests, BBB has failed to remit payment in full to USM.

31.

32. Upon information and belief, BBB intentionally did not upload invoices submitted by USM onto BBB's accounting system to be processed for payment. Instead, after USM inquired as to the status of the invoices, BBB asked USM to repeatedly resubmit invoices in an attempt to delay processing the invoices and ultimately remitting payment to USM.

33. Once BBB eventually uploaded the invoices, it intentionally delayed designating the invoices as approved and paying the approved invoices.

34. BBB breached the covenant of good faith and fair dealing contained, or implied, in the parties' agreements due to BBB's actions or inactions.

35. As a result of said breach, USM has suffered significant damages.

**WHEREFORE,** Plaintiff, USM, Inc., demands judgment against Defendant, Bed Bath & Beyond, Inc., for compensatory and consequential damages, statutory damages, interest, disbursements and costs of suit, counsel fees and such other relief as this court deems just and appropriate.

## FIFTH COUNT
### (Unjust Enrichment)

36. USM repeats and realleges every allegation in the preceding paragraphs, as if fully set forth at length herein.

37. BBB has received the benefit of the services and materials provided by USM without being required to pay the reasonable value thereof.

38. As a result of receiving requested services and materials without honoring its reciprocal obligation to pay the reasonable value thereof, BBB has been unjustly enriched.

39. Despite repeated demands by USM, BBB has failed to satisfy the indebtedness owe.

**WHEREFORE,** Plaintiff, USM, Inc., demands judgment against Defendant, Bed Bath & Beyond, Inc., for compensatory and consequential damages, statutory damages, interest, disbursements and costs of suit, counsel fees and such other relief as this court deems just and appropriate.

## SIXTH COUNT
### (New Jersey Prompt Payment Act)

40. USM repeats and realleges every allegation in the preceding paragraphs, as if fully set forth at length herein.

41. USM provided work and services to BBB in accordance with parties' agreements and submitted invoices to BBB in a timely fashion.

42. USM requested payment for the aforesaid goods from BBB.

43. Despite USM's requests, BBB failed to remit payment in full and in a timely fashion to USM with some invoices going back to September 2021.

44. Accordingly, BBB has failed to comply with New Jersey's Prompt Payment Act, N.J.S.A. 2A:30A-1, et seq.

45. As a result of BBB's failure to comply with New Jersey's Prompt Payment Act, USM has been damaged.

**WHEREFORE**, Plaintiff, USM, Inc., demands judgment against Defendants, Bed Bath & Beyond, Inc., for damages including compensatory and consequential damages, together with interest and costs and attorneys fees as provided by law, as well as all other relief deemed appropriate by the court or provided by statute.

### SEVENTH COUNT
**(New York Trust Fund Act Violations)**

46. USM repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth at length herein.

47. Pursuant to agreements between USM and BBB, USM performed work at various BBB stores in New York. Pursuant to the agreements between USM and BBB, BBB agreed to make and assume certain obligations with regard to USM.

48. Upon information and belief, included within those duties and obligations are the duties and obligations to act at all times in compliance with Article 3-A of the Lien Law.

49. Upon information and belief, included within those duties and obligations is the duty and obligation to make payments on behalf of BBB and to, among others, USM.

50. The defendant, BBB, has breached the aforesaid obligations and are responsible to USM for the outstanding amount due to USM plus interest as set forth in the following causes of action with regard to Article 3-A of the Lien Law, together with such other and further relief as the Court may require.

**WHEREFORE,** Plaintiff, USM, Inc., demands judgment against Defendant, Bed Bath & Beyond, Inc., for compensatory and consequential damages, statutory damages, interest, disbursements and costs of suit, counsel fees and such other relief as this court deems just and appropriate.

### EIGHTH COUNT
### (Common Law Fraud)

51. USM repeats each and every allegation contained in the preceding paragraphs, as if same were set forth at length herein.

52. BBB knowingly made misrepresentations to USM that omitted, concealed and suppressed information regarding payment for work performed by USM.

53. Upon information and belief, BBB intentionally did not upload invoices submitted by USM onto BBB's accounting system to be processed for payment. Instead, after USM inquired as to the status of the invoices, BBB

asked USM to repeatedly resubmit invoices in an attempt to delay processing the invoices and ultimately remitting payment to USM.

54. Once BBB eventually uploaded the invoices, it intentionally delayed designating the invoices as approved and paying the approved invoices.

55. BBB's material misrepresentations included but are not limited to promises that invoices were being processed and payment was forthcoming to entice USM to continue working at the various BBB stores and promises to pay.

56. BBB knew that USM would rely upon the representations for purposes of continuing to perform work and services at the various BBB stores.

57. In reliance upon BBB's material misrepresentations, USM proceeded with performing its work.

58. USM has been damaged as a direct and proximate result of BBB's material misrepresentations.

**WHEREFORE**, Plaintiff, USM, Inc., demands judgment against Defendant, Bed Bath & Beyond, Inc., for compensatory and consequential damages, statutory damages, interest, disbursements and costs of suit, counsel fees and such other relief as this court deems just and appropriate.

Dated: January 13, 2023

By: _____
Lee M. Tesser, Esq.
Tesser & Cohen, P.C.
Attorneys for Plaintiff,
USM, Inc.